IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL L. WETSELLINE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) )   Case No.   CIV-07-321-F |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

# FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3) of the Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED.**

## PROCEDURAL HISTORY

Plaintiff protectively filed his application for SSI on December 15, 2004 alleging a disability since March 1, 2000 (TR. 50-52). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 21, 22). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on August 2, 2006 (TR. 180-205). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 183-199). A vocational expert (VE) testified at the request of the ALJ (TR. 199-205). The ALJ issued her decision on September 28, 2006 finding that Plaintiff was not entitled to SSI (TR. 14-20). The Appeals Council denied the Plaintiff's request for review on January 16, 2007, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7).

**STANDARD OF REVIEW**

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

**DISCUSSION & FINDINGS**

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 16). At step two, the ALJ concluded that Plaintiff's rheumatoid arthritis of the right and left upper extremities and left hip was a severe impairment (TR. 16). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 16). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 18-19).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to

perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform sedentary work (TR. 17). The ALJ used the medical-vocational rules as a framework for decision making and considered the testimony of the VE and determined there were other jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 19-20). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to SSI (TR. 20).

On appeal to this Court, Plaintiff alleges that (I) the case should be remanded back to the Commissioner so that a medical expert (ME) can fix the alleged onset of disability in light of the Commissioner's decision to grant disability benefits to the Plaintiff based upon a subsequent application; (II) that the ALJ erred at step three by not finding Plaintiff disabled under Listing 14.09B and Listing 1.02B; (III) that the ALJ erred in failing to take into account Plaintiff's obesity when assessing his RFC to perform sedentary work pursuant to SSR 02-01p; and (IV) the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician.

## MEDICAL EVIDENCE

In May 2005, Plaintiff underwent a consultative physical examination performed by Juan A. Maldonado, M.D., who found that Plaintiff had multiple joint deformities and range of motion limitations in his right elbow, left elbow, and both hands; and that he had a decrease in shoulder range of motion (TR. 128-129). Dr. Maldonado reported that Plaintiff's problems with his hands did not interfere with his ability to manipulate small objects or oppose the thumb with the fingertips or grab a hammer (TR. 128-129). Dr. Maldonado also found that Plaintiff had decreased range of motion in his knees, hips, ankles, and wrists; and that Plaintiff had a marked deformity of his left foot (TR. 129). As to Plaintiff's back, Dr. Maldonado found there was pain to palpation in the mid-thoracic region; that Plaintiff was able to do toe walking but he was not able to do heel walking or even to stand on his heels; and that there was a decrease in the lumbar and cervical range of

motion (TR. 129). Dr. Maldonado noted that Plaintiff had no sensory loss, had good handgrip strength, and normal fine manipulation (TR. 129). He also noted that Plaintiff walked with a slow-paced gait with a slight limp on the left leg, but that the gait seemed to be safe and stable (TR. 129). Dr. Maldonado's diagnosis was of rheumatoid arthritis with multiple joint deformities and flexure contractures, Charcot's foot (left foot), and hypertension (TR. 129).

In February 2006, Plaintiff's treating physician, Dr. Munson, found that Plaintiff had rheumatoid arthritis; and that Plaintiff was "Unable to do any physical work" due to deformed joints and rheumatoid arthritis (TR. 145). Dr. Munson also stated that he was "not sure yet" whether Plaintiff's condition was temporary or permanent; and Plaintiff was not employable at the time of the report (TR. 145). He further stated that Plaintiff could "possibly be retrained for computer/desk jobs" (TR. 145).

In April 2006, Plaintiff was examined by Kevin Welk, M.D., who found that he had normal muscle strength and coordination (TR. 159). Dr. Welk also found that Plaintiff had "notable RA types of changes in multiple joints"; that he had almost complete fusion of the right elbow and 15 to 20 degrees of flexion contracture of the left elbow; and that he had contracture of his left hip with very limited rotation of the hip (TR. 159). Dr. Welk examined Plaintiff in May and July 2006 and reported no changes except that Plaintiff was "seemingly doing ok on MTX and low dose prednisone right now (no warmth in joints, no major synovitis, decreasing stiffness)" (TR. 153-154, 161-162).

## I.

Plaintiff argues that his case should be remanded back to the Commissioner so that a medical expert (ME) can fix the alleged onset of disability in light of the Commissioner's decision to grant disability benefits to the Plaintiff based upon a subsequent application (See Plaintiff's Brief at pages 9-10). Plaintiff offers no specific evidence or argument to support this assertion except that Plaintiff's file for his February 2007 SSI application which was approved based upon Plaintiff

meeting Listing 14.09B (Ankylosing spondylitis or other spondyloarthropathy) was "substantially similar" to the medical file in the present case. There is no evidence in the medical record that Plaintiff was suffering from ankylosing spondylitis or other spondyloarthropathy at any time relevant to this application. Thus, remand on the basis contended by Plaintiff would be inappropriate.

## II.

Plaintiff also argues on appeal that the ALJ erred at step three by not finding Plaintiff disabled under Listing 14.09B[1] (Ankylosing spondylitis or other spondyloarthropathy) and Listing 1.02B[2] (Major dysfunction of a joint(s)(due to any cause)). At step three of the sequential evaluation process, a claimant's impairment is compared to the Listings (20 C.F.R. Pt. 404, Subpt. P, App. 1). If the impairment is equal or medically equivalent to an impairment in the Listings, the claimant is presumed disabled. A plaintiff has the burden of proving that a Listing has been equaled or met. *Bowen v. Yuckert*, 482 U.S. at 140-42 (1987); *Williams v. Bowen*, 844 F.2d at 750-51 (10th Cir. 1988). To be found disabled based on the Appendix 1 Listing of Impairments, Plaintiff must show that his condition satisfies all of the specified medical criteria of a particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (impairment does not meet Listing if it has only some of the medical criteria, no matter how severe). In her decision, the ALJ is "required to discuss the evidence and explain why he found that [the claimant] was not disabled at step three." *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996). The decision as to whether a Plaintiff has met a listing is a factual determination. *Hogg v. Sullivan*, 987 F.2d 328, 334 (6th Cir. 1993); *Knipe v. Heckler*, 755 F.2d 141, 145 (10th Cir. 1995) (detailed listing analysis).

---

[1] *Inflammatory arthritis*. Documented as described in 14.00B6, with one of the following: B. Ankylosing spondylitis or other spondyloarthropathy, with diagnosis established by findings of unilateral or bilateral sacroiliitis (e.g., erosions or fusions), shown by appropriate medically acceptable imaging…

[2] *Major dysfunction of a joint(s) (due to ay cause):* Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:  B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively…

5

The ALJ's decision confirms that Plaintiff has a severe impairment, "rheumatoid arthritis of the right and left upper extremities and left hip"; but that this impairment is not severe enough to meet or equal any impairment in the Listing of Impairments (TR. 16-17). Specifically, the ALJ finds in her decision that there "is no evidence to support that the claimant has inability to perform fine and gross movements effectively in the upper extremities to meet the criteria for Listing 1.02" (TR. 16). The ALJ further found that the evidenced did not support that the claimant had rheumatoid arthritis of a degree to meet the requirements of inflammatory arthritis (Listing 14.09) (TR. 16).

In her decision the ALJ provides a thorough and complete discussion of the medical evidence (TR. 16-18). As discussed above, the medical evidence fails to show that Plaintiff had an inability to perform fine and gross movements effectively so as to satisfy Listing 1.02B and the evidence further failed to show that Plaintiff had medical findings of "unilateral or bilateral sacroiliitis (e.g., erosions or fusions), shown by appropriate medically acceptable imaging so as to satisfy the threshold requirement of Listing 14.09B.

Thus, it appears that the ALJ fulfilled his duty under *Clifton* to discuss the evidence and explain why he found that the Plaintiff was not disabled at step three. It further appears that the ALJ's findings are supported by substantial evidence.

## III.

Plaintiff further urges on appeal that the ALJ erred in failing to take into account Plaintiff's obesity when assessing his RFC to perform sedentary work pursuant to SSR 02-01p (See Plaintiff's Brief at pages 11-12). The medical record fails to establish that Plaintiff's obesity caused any work-related limitations beyond those mentioned by the ALJ in his RFC assessment (TR. 17). The ALJ found that Plaintiff was limited to sedentary work involving only occasional climbing, balancing, stooping, kneeling, crouching, and crawling (TR. 17). Plaintiff's own statements do not reflect that his obesity caused any physical limitations (TR. 63-65, 89-96, 101, 191-199). Thus, it appears that the ALJ properly considered Plaintiff's obesity in determining his RFC. (See *SSR 02-01p*).

## IV.

Plaintiff also argues that the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician, Dr. Munson (See Plaintiff's Brief at pages 12-13). Specifically, Plaintiff contends that the ALJ improperly rejected the May 2005 opinion of Dr. Munson that Plaintiff was "permanently incapacitated or disabled" and "currently not able to work due to his joint deformities"; and Dr. Munson's February 2006 opinion that Plaintiff was "Unable to do any physical work" due to deformed joints and rheumatoid arthritis (TR. 135, 145). Dr. Munson also stated that he was "not sure yet" whether Plaintiff's condition was temporary or permanent; and Plaintiff was not employable at the time of the report (TR. 145). He further stated that Plaintiff could "possibly be retrained for computer/desk jobs (TR. 145).

If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

In his decision the ALJ provided a detailed and thorough review of the medical evidence. He also provided specific legitimate reasons for disregarding the opinions of Plaintiff's treating physician, Dr. Munson (TR. 18-19). In her decision the ALJ mentioned the opinions of Dr. Munson and correctly observed that there were no clinical or laboratory findings or treatment records

included with Dr. Munson's report (TR. 18). The ALJ further observed that Dr. Munson stated that Plaintff "could possibly be retrained for a computer and/or desk job (TR. 18).

Thus, it appears that the ALJ properly considered the opinions of Plaintiff's treating physician, Dr. Munson.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED on February 19, 2008.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE