**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MICHAEL L. WETSELLINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-0321-F |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying plaintiff's application for supplemental security income benefits (SSI) under Title XVI of the Act, 42 U.S.C. § 1382c(a)(3). On February 19, 2008, Magistrate Judge Shon T. Erwin made findings and recommendations to this court, recommending that the Commissioner's decision denying benefits be affirmed. (Doc. no. 14.) Plaintiff filed timely objections, to which the Commissioner has not responded.

<u>Standards</u>

The court's review of facts found by the Commissioner is limited to the question of whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g). The court also determines whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009 (10th Cir. 1996). Remand is warranted upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate

such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g); *and see*, Reichard v. Barnhart, 285 F. Supp. 2d 728, 733 (S.D. West Virginia 2003) (DIB and SSI case in which court determined that a favorable disability finding resulting from a second claim that had been commenced within a week of an unfavorable determination on a prior claim, constituted new and material evidence and required remand under § 405(g) to determine whether the claimant was actually disabled during time period relevant to the first claim).

Discussion

Plaintiff first objects to the magistrate judge's finding that remand is not necessary here despite the fact that shortly after the Appeals Council denied the claim which is the subject of this review (the claim was denied on January 16, 2007), plaintiff filed a subsequent claim (on February 12, 2007) which was then approved by the agency without the need for a hearing. The notice, dated July 11, 2007, which was sent to plaintiff as a result of the subsequent claim, stated that plaintiff "was approved for SSIDI with a primary diagnosis of ankylosing spondylitis and other inflammatory spondylopathies."[1] (Doc. no. 12, encl. B.)

Furthermore, plaintiff has argued that the agency approved the subsequent application based on "the same evidence [as was] submitted with the Plaintiff's first application." (Brief to magistrate judge, doc. no. 12, p. 10.) In support of remand, plaintiff also cites SSR 83-20 (Program Policy Statement, Titles II and XVI: Onset of Disability), which recognizes the difficulty of establishing the precise date that a slowly progressive impairment became disabling, and which describes the types of

---

[1] The magistrate judge knew, of course, about this notice of award, but this information was obviously not available to the administrative law judge who issued the unfavorable decision on September 28, 2006 (Tr. 11-20) or to the Appeals Council which issued its unfavorable decision on January 16, 2007. (Tr. 5-7.)

evidence and inferences that are material to determining the date of onset in such circumstances.[2]

In recommending against remand, the magistrate judge noted plaintiff's representation that the evidence in support of the two applications is substantially similar. (Doc. no. 14, p. 4.) The magistrate judge stated, however, that "[t]here is no evidence in the medical record that Plaintiff was suffering from ankylosing spondylitis or other spondyloarthropathy at any time relevant to this application." (Doc. no. 14, p. 5.) The court respectfully disagrees.

Ankylosing spondylitis is a chronic inflammatory disease of the spine and nearby joints which can cause pain and stiffness in the spine, neck, hips, jaw and rib cage. There is medical evidence in the record of plaintiff's multiple joint deformities including hip and shoulder and elbow flexion contractures (as well ankle, knee, foot, finger and hand joint problems), as well as medical evidence of joint problems specific to the spine and nearby joints. For example, Dr. Jaun A. Maldonado stated on May 24, 2005, that there was "a decrease in the lumbar range of motion and in the cervical range of motion." (Tr. 129.)

At least one court that has considered differing results reached in subsequent applications has concluded that remand is warranted in circumstances similar to those presented here. In Reichard, 285 F. Supp. 2d 728, the district court found that the administrative law judge's decision finding disability commencing less than a week after the same administrative law judge first pronounced that the claimant was not disabled was new and material evidence which required a remand of the first matter,

---

[2]SSR 83-20 provides that "the date alleged by the individual [as the date of onset] should be used if it is consistent with all the evidence available." It states that "[w]hen the medical or work evidence is not consistent with the allegation [regarding the date of onset], additional development may be needed to reconcile the discrepancy. ... However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record."

which was the matter before the court at that time and which was still open as a result of the judicial review sought by the plaintiff. *Id*. at 734. <u>Reichard</u> reasoned that the administrative law judge's finding that the claimant was disabled only a few days after the administrative law judge's first decision that claimant was not disabled "begs the question whether Claimant was actually disabled before that during the period of time relevant to consideration of Claimant's first application." *Id*.

Here, plaintiff's subsequent application was filed on February 12, 2007, less than four weeks following the Appeals Council's denial of his first application on January 16, 2007. Although the record does not contain the medical evidence which was presented in support of the subsequent application, plaintiff states that the subsequent application was based on medical evidence very similar to the first application. Even without this representation, given the nature of the subsequent disability determination, it is obvious that the two applications, if compared, would present overlapping medical evidence. Plaintiff's subsequent "approval for SSIDI with a primary diagnosis of ankylosing spondylitis and other inflammatory spondylopathies" raises the question of whether claimant was actually disabled pursuant to this diagnosis before the date of that subsequent application, during the period of time relevant to consideration of plaintiff's first application.

In the unusual circumstances of this action, the court agrees with plaintiff that proper legal procedure requires remand so that a medical expert can fix the onset date of the disability determined in the plaintiff's subsequent claim. Plaintiff's subsequent determination constitutes new evidence which is material, and good cause has been shown for the failure to incorporate such evidence into the record in the prior proceedings before the administrative law judge. *See*, 42 U.S.C. § 405(g) (court may remand for additional evidence to be taken). The remand is for the express purpose of *de novo* consideration of all evidence, new as well as previously presented, in order

to determine whether the onset date of claimant's "ankylosing spondylitis and other inflammatory spondylopathies" should remain February 12, 2007, or whether the onset date is earlier, back to and including a possible onset date of March 1, 2000 or any date thereafter. On remand, the Commissioner shall properly evaluate the medical evidence pursuant to the standards stated in Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1996). This result makes it unnecessary to address plaintiff's other objections to the magistrate judge's recommendations.

## Conclusion

After *de novo* consideration of all objected to matters covered in the magistrate judge's report, the court rejects the magistrate judge's recommendation that this matter should not be remanded. This matter is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this order.

Dated this 5th day of May, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0321p003(pub).wpd